# UNITED STATES DISTRICT COURT

## DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br>*(Changes Identified with Asterisks (*))* |
| v. | Case Number: 03-CR-415-RB-01 |
| | USM Number: 32096-013 |
| WENDEL ROBERT WARDELL, JR. | Mitchell Baker, Appointed<br>(Defendant's Attorney) |

**Date of Original Judgment:** October 26, 2005

**Reason for Amendment:** Correction for Clerical Mistake (Fed. R. Crim. P. 36).

**THE DEFENDANT:** Was found guilty on counts 1, 2, 4, 5-18 and 20 of the Indictment after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Defraud the United States | 11/15/99 | 1 |
| 26 U.S.C. § 7206(1) | False Statements in Tax Returns | *02/02/98 | 2 and 4 |

　　The defendant is sentenced as provided in pages 2 through 9 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

　　It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

　　It is further ordered that the Addendum to this judgment, which contains the defendant's social security number, residence address and mailing address, shall be withheld from the court file and retained by the United States Probation Department.

　　　　　　　　　　　　　　　　　　　　　　　　　　October 26, 2005
　　　　　　　　　　　　　　　　　　　　　　　　　　―――――――――――――――――――
　　　　　　　　　　　　　　　　　　　　　　　　　　Date of Imposition of Judgment

　　　　　　　　　　　　　　　　　　　　　　　　　　s/ Robert E. Blackburn
　　　　　　　　　　　　　　　　　　　　　　　　　　―――――――――――――――――――
　　　　　　　　　　　　　　　　　　　　　　　　　　Signature of Judge

　　　　　　　　　　　　　　　　　　　　　　　　　　Robert E. Blackburn, U.S. District Judge
　　　　　　　　　　　　　　　　　　　　　　　　　　―――――――――――――――――――
　　　　　　　　　　　　　　　　　　　　　　　　　　Name & Title of Judge

　　　　　　　　　　　　　　　　　　　　　　　　　　April 11, 2006
　　　　　　　　　　　　　　　　　　　　　　　　　　―――――――――――――――――――
　　　　　　　　　　　　　　　　　　　　　　　　　　Date

DEFENDANT:  WENDEL ROBERT WARDELL, JR.
CASE NUMBER:  03-CR-415-RB-01                                                        Judgment-Page 2 of 9

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 26 U.S.C. § 7206(2) | Aiding and Abetting the Preparation and Presentation of False Tax Returns | 04/15/98 | 5-18 and 20 |

DEFENDANT:  WENDEL ROBERT WARDELL, JR.
CASE NUMBER:  03-CR-415-RB-01                                                          Judgment-Page 3 of 9

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of sixty (60) months as to Count 1 and thirty-six (36) months as to each of Counts 2, 4-18 and 20.  Sentences in Counts 2, 4-18 and 20 shall run concurrently with each other but consecutively to the sentence in Count 1 for a total sentence of ninety-six (96) months.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By_____
Deputy United States Marshal

DEFENDANT:  WENDEL ROBERT WARDELL, JR.
CASE NUMBER:  03-CR-415-RB-01                                                              Judgment-Page 4 of 9

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years as to Count 1 and one (1) year as to each of Counts 2, 4-18 and 20, all counts to run concurrently.

The defendant must report to the probation office in the district to which he is released within 72 hours of his release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

10) The defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14) The defendant shall provide the probation officer with access to any requested financial information.

## ADDITIONAL CONDITIONS OF SUPERVISION

1) The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the periodic payment obligations imposed pursuant to the court's judgment and sentence.

2) The defendant shall work with the probation officer in development of a monthly budget that shall be reviewed with the probation officer quarterly.

3) The defendant shall make payment on the restitution obligation that remains unpaid at the commencement of supervised release.  Within 60 days of release from confinement, the defendant shall meet with the probation officer to develop a plan for the payment of restitution. This plan will be based upon the defendant's income and expenses.  The plan will be forwarded to the Court for review and approval.

DEFENDANT:  WENDEL ROBERT WARDELL, JR.
CASE NUMBER:  03-CR-415-RB-01                                              Judgment-Page 6 of 9

## MONETARY OBLIGATIONS

The defendant must pay total monetary obligations under the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $100.00 | $0.00 | $14,444.00 |
| 2 and 4 | $200.00 | $0.00 | $0.00 |
| 5-18 and 20 | $1,500.00 | $0.00 | $0.00 |
| **TOTALS** | $1,800.00 | $0.00 | $14,444.00 |

The defendant must make restitution (including community restitution) to the following payees in the amount listed below.  If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | * Total Loss | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Internal Revenue Service<br>Attn: Court Witness Coordinator<br>1973 N. Rulon White Blvd M/S 9001<br>Ogden, Utah 84404 | $14,444.00 | $14,444.00 | |
| **TOTALS** | $14,444.00 | $14,444.00 | |

Interest on the restitution obligation will be waived, upon the court's finding that the defendant does not have the ability to pay interest.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT:  WENDEL ROBERT WARDELL, JR.
CASE NUMBER:  03-CR-415-RB-01                                                                         Judgment-Page 7 of 9

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total monetary obligations is due as follows:

The special assessment is due in full immediately.  Disbursement of restitution payments shall be deferred until the balance of the Court registry account totals at least $300.  The total monetary obligations shall be due immediately, with any outstanding balance to be paid in equal monthly installments of at least $100 during the term of supervised release.

The restitution obligation shall be joint and several with similar obligations to pay restitution imposed on codefendant Carl W. Pursley Jr., Docket No. 03-CR-415-RB-02.

All monetary obligation payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any monetary obligations imposed.

Payments shall be applied in the following order:  (1) special assessment, (2) restitution principal.

## STATEMENT OF REASONS

**The court adopts the presentence report and advisory applications except as noted in the attached transcript.  None of these changes affect the advisory guideline range.**

Pursuant to the United States Supreme Court ruling in the *United States v. Booker* and *United States v. Fanfan*, the United States Sentencing Commission Guidelines have become advisory.  The Court, while not bound to apply the Guidelines, has consulted the advisory guidelines and taken them into account with the sentencing factors identified at 18 U.S.C. § 3553(a).

**ADVISORY GUIDELINE RANGE DETERMINED BY THE COURT (BEFORE DEPARTURES):**

Total Offense Level:  20

Criminal History Category:  VI

Imprisonment Range:  70 to 87 months

The maximum term of imprisonment as to Count 1 is 60 months and as to each of Counts 2, 4-18, and 20 is 36 months.

Supervised Release Range:  2 to 3 years as to Count 1, 1 year as to Counts 2, 4-18, and 20

Fine Range:  $7,500    to   $75,000

The fine is waived because of the defendant's inability to pay.

**The sentence departs <u>below the advisory guideline range</u> for the following reasons:**

The reasons are enumerated in the attached transcript of the sentencing proceeding.

**RESTITUTION DETERMINATIONS**

Total Amount of Restitution:  $14,444.00

The court concludes that this statement of reasons for imposing a sentence in a criminal case is presumptively a matter of public interest and scrutiny.  *See* S. Rep. No. 225, 98th Cong., 1st Sess. 1983, 1984 U.S.C.C.A.N. 3182, 3263 (1983) ("The statement of reasons . . . informs defendant and the public of the reasons for the sentence.  It provides information to criminal justice researchers.")  No party has made a sufficient showing of "good cause," Fed R. Crim. P. 32(i)(4)(C), why it should **not** be a matter of public record.  Therefore, to facilitate systematic documentation of any decision concerning departure, in compliance with 18 U.S.C.A. § 3553(c)(2), this statement of reasons shall be entered and filed by the clerk as part of the judgment.

**COSTS OF PROSECUTION**

DEFENDANT:  WENDEL ROBERT WARDELL, JR.
CASE NUMBER:  03-CR-415-RB-01                                                                 Judgment-Page 9 of 9

Pursuant to 26 U.S.C. § 7206(2), the defendant shall pay the costs of prosecution ($7,394.89) to the U.S. Attorney's Office, District of Colorado.

DEFENDANT:  WENDEL ROBERT WARDELL, JR.
CASE NUMBER:  03-CR-415-RB-01                                                                 Judgment-Page 9 of 9