**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 03-cr-00415-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  WENDELL R. WARDELL, JR.,

    Defendant.

**ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL**

**Blackburn, J.**

The matter before me is defendant's **Motion for New Trial Based on Discovery Violations and Newly Discovered Evidence and Request for Evidentiary Hearing** [#810] filed March 22, 2007.[1] I have construed defendant's motion generously and with the leniency due pro se litigants, see **Erickson v. Pardus**, 551 U.S. 89 ___, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Belmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972)). Notwithstanding, I deny the motion and request

---

[1] More recently, defendant purported to file a "supplement" to his motion for new trial, in which he raises issues completely unrelated to the alleged discovery violations that form the basis of his original pleading. (*See* **Supplement to Motion for New Trial Based on Discovery Violations and Newly Discovered Evidence and Request for Evidentiary Hearing (Doc. 799)** [#829] filed June 6, 2008.) Aside from the fact that the motion defendant purports to supplement had already been stricken at the time the supplement was filed (*see* **Minute Order** [#800] entered December 4, 2006), my Criminal Practice Standards forbid the filing of "supplements" or other like papers without leave of court, *see* REB Crim. Practice Standard V.B.2 ("However denominated or titled, supplements to papers, including motions, petitions, applications, objections, responses, or replies shall not be filed without leave of court."). Accordingly, this paper will be stricken.

for an evidentiary hearing.

The standard for granting a new trial in a criminal case is set forth in Fed.R.Crim.P. 33, which provides that a new trial may be granted "if the interest of justice so requires." **FED.R.CRIM.P.** 33(a). Nevertheless, "a motion for a new trial is not regarded with favor and is only issued with great caution." ***United States v. Herrera***, 481 F.3d 1266, 1269-70 (10th Cir. 2007). Moreover, and of particular relevance here, "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty." **FED.R.CRIM.P.** 33(b)(2).

Defendant filed a nearly identical motion for new trial in the related criminal case that arose out of this one. (***See United States v. Shawn C. Shields, et al.***, Criminal Case No. 05-cr-00342-REB, **Motion for New Trial Based on Discovery Violations and Newly Discovered Evidence and Request for Evidentiary Hearing** [#610] filed December 20, 2006). I recently denied that motion. (***See id.***, **Order Denying Defendant's Motion for New Trial** [#628], entered April 15, 2009.) As I found and concluded in that order, there is no evidence that the government had knowledge of or access to the Utah state court records defendant claims were wrongfully withheld in discovery:

> "The government generally does not have a duty under ***Brady*** [***v. Maryland***, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)] to seek out information that is not in its possession . . . A prosecutor has no duty to undertake a fishing expedition in other jurisdictions to find impeaching evidence." ***United States v. Lujan***, 530 F.Supp.2d 1224, 1258 (D.N.M. 2008). Although there may be "[a] duty to search files maintained by governmental agencies closely

> aligned with the prosecution" in certain circumstances, ***United States v. Jackson***, 850 F.Supp. 1481, 1502 (D. Kan. 1994), it is only where the government "has knowledge of *and access to* exculpatory information as defined in ***Brady*** . . . [that] the prosecutor must disclose it to the defense," ***id.*** (emphasis added; citation and internal quotation marks omitted).  Nothing other than defendant's own completely unsubstantiated supposition supports a conclusion that the prosecutors in this case had possession of or access to that testimony.  ***See United States v. Geames***, 427 F.3d 1333, 1337 (10th Cir. 2005).

(**Order Denying Defendant's Motion for New Trial** at 2-3.)

Moreover, for the same reasons set forth in more detail in my earlier order in the related case, I conclude that the evidence does not meet the materiality requirement of ***Brady***.  (***See id.*** at 3-4.)

For all these reasons, defendant's motion for new trial must be denied.

**THEREFORE, IT IS ORDERED** as follows:

1.  That defendant's **Motion for New Trial Based on Discovery Violations and Newly Discovered Evidence and Request for Evidentiary Hearing** [#810] filed March 22, 2007, is **DENIED**; and

2.  That defendant's **Supplement to Motion for New Trial Based on Discovery Violations and Newly Discovered Evidence and Request for Evidentiary Hearing (Doc. 799)** [#829] filed June 6, 2008, is **STRICKEN**.

Dated April 15, 2009, at Denver, Colorado.

                **BY THE COURT:**

                *Robert E. Blackburn*
                Robert E. Blackburn
                United States District Judge