IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Criminal Case No. 03-cr-00415-REB-01

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. WENDEL R. WARDELL, JR.,

    Defendant.

---

ORDER DIRECTING UNSEALING OF DEFENDANT'S
*EX PARTE* MOTION FOR ISSUANCE OF SUBPOENA
*DUCES TECUM IN FORMA PAUPERIS* AND *EX PARTE* MOTION
FOR INTERLINEATION OF SUBPOENAS, DENYING MOTION
FOR ISSUANCE OF SUBPOENAS, AND DENYING AS MOOT MOTION
FOR INTERLINEATION OF SUBPOENAS AND MOTION FOR
EXTENSION OF TIME TO FILE REPLY BRIEF

---

**Blackburn, J.**

The matters before me are (1) defendant's ***Ex Parte* Motion for Issuance of Subpoenas *Duces Tecum In Forma Pauperis* (Filed Under Seal)** [#917][1] filed January 11, 2010; (2) defendant's ***Ex Parte* Motion for Interlineation of Subpoenas (Filed Under Seal)** [#919] filed March 1, 2010; and (3) defendant's letter to the court, construed as a **Motion for Extension of Time To File Response/Reply** [#918] filed March 1, 2010. I find no basis for the *ex parte* application for subpoenas duces tecum, and, therefore, order that motion and the related motion for interlineation unsealed. I deny the motion for issuance of subpoenas *duces tecum*, and concomitantly deny as

---

[1] "[#917]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

moot the motions for interlineation and for extension of time.

Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that the court may "for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." Thus, it is not inappropriate for a defendant in a 2255 proceeding to seek subpoenas *duces tecum* pursuant to, *inter alia*, Rule 17 of the Federal Rules of Criminal Procedure.

However, neither rule contemplates that such a request may be filed *ex parte* and under seal. The Local Rules of Practice of the United States District Court for the District of Colorado-Criminal provide that *trial* subpoenas in Criminal Justice Act cases may be so filed, *see* **D.C.COLO.LCrR** 17.2, but defendant's application for post-trial relief pursuant to section 2255 clearly does not fall under that rubric. In the absence of such right to file *ex parte* and under seal, defendant is required to attach to any paper sought to be so filed a cover letter that includes, *inter alia*, "the citation of the statute, federal rule, or other authority pursuant to which the paper or document is sealed." **D.C.COLO.LCrR** 47.2B.6. Defendant has not complied with this rule, and I perceive no apparent reason why, at this stage in the proceedings and in the context of a request for factual information that defendant apparently intends to include in a brief that will be filed on the docket, his motion should be withheld from the government and the public record. Accordingly, I will direct the Clerk of the Court to unseal defendant's *ex parte* motions regarding the subpoenas.

Substantively, I deny the motion for issuance of subpoenas *duces tecum*.

Defendant purports to require this information to incorporate into his reply brief. His request, however, is improper:

> It is improper for a party to reserve its best case, even if ostensibly raised in response to its opponent's arguments, for its reply, when the opponent has no ready means of responding. Just as courts do not consider issues raised for the first time in a reply brief, it would be inequitable to consider arguments regarding issues as to which the movant has the burden of proof that are not fully developed until the reply brief.

***Fischer v. Adams County School District No. 12***, 2006 WL 407820 at *2 n.1 (D. Colo. Feb. 16, 2006) (Blackburn, J.) (citation omitted). Although an exception may be recognized where the reply seeks to respond to new issues raised in the response, ***see Beaudry v. Corrections Corp. of America***, 331 F.3d 1164, 1166 n. 3 (10th Cir. 2003), ***cert. denied***, 124 S.Ct. 1059 (2004); ***Stender v. Gerardi***, 2008 WL 4452117 at *8 (D. Colo. Sept. 30, 2008), defendant acknowledges that he is simply attempting to bolster his original arguments in response to the government's contention that he has failed to offer adequate evidence in support thereof. The appropriate vehicle for proving up one's arguments is in the opening brief, not after the opposing party is foreclosed from responding.

My resolution of the motion for issuance of the subpoenas moots consideration of defendant's request for interlineation of same. It moots also his request for an extension of time to file a reply to the government's response, which is premised on the assumption that the evidence requested will be forthcoming and that additional time is needed to incorporate such evidence into the reply.

3

**THEREFORE, IT IS ORDERED** as follows:

1. That the Clerk of the Court is **DIRECTED** to **UNSEAL** defendant's *Ex Parte* **Motion for Issuance of Subpoenas** *Duces Tecum In Forma Pauperis* **(Filed Under Seal)** [#917] filed January 11, 2010, and defendant's *Ex Parte* **Motion for Interlineation of Subpoenas (Filed Under Seal)** [#919] filed March 1, 2010;

2. That defendant's *Ex Parte* **Motion for Issuance of Subpoenas** *Duces Tecum In Forma Pauperis* **(Filed Under Seal)** [#917] filed January 11, 2010, is **DENIED**;

3. That defendant's *Ex Parte* **Motion for Interlineation of Subpoenas (Filed Under Seal)** [#919] filed March 1, 2010, is **DENIED AS MOOT**; and

3. That defendant's letter to the court, construed as a **Motion for Extension of Time To File Response/Reply** [#918] filed March 1, 2010, is **DENIED AS MOOT**.

Dated March 5, 2010, at Denver, Colorado.

                                               **BY THE COURT:**

                                               */s/ Bob Blackburn*
                                               Robert E. Blackburn
                                               United States District Judge