IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Criminal Case No. 03-cr-00415-REB-01
(Civil Case No. 09-cv-02374-REB)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. WENDEL R. WARDELL, JR.,

    Defendant.

## ORDER GRANTING MOTION TO QUASH SUBPOENA

**Blackburn, J.**

The matter before me is **Defendant's** (sic)[1] **Motion To Quash Subpoena to the Clerk of the United States District Court** [#932], filed July 30, 2010. I grant the motion and quash the subpoena.

The motion implicates a subpoena served on the Clerk of the Court for the United States District Court for the District of Colorado, Gregory C. Langham. Federal Rule of Criminal Procedure 17(b) provides, in relevant part,

> Upon a defendant's ex parte application, the court must order that
> a subpoena be issued for a named witness if the defendant shows
> an inability to pay the witness's fees and the necessity of the
> witness's presence for an adequate defense.

**FED.R.CRIM.P.** 17(b).[2] In issuing this subpoena, Wardell has complied with none of these requirements. First, although ostensibly proceeding as an indigent, *pro se* defendant, he

---

[1] Technically, Mr. Langham is the "respondent" with respect to the subpoena and the "movant" with respect to the motion. Mr. Wardell is the defendant.

[2] Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that both "[t]he Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure . . . may be applied to a proceeding under these rules." Because the subpoena at issue was entitled "Subpoena in a Criminal Case," I will apply the rules of criminal procedure.

inexplicably and inexcusably did not make application to the court for issuance of the subpoena, but rather served Mr. Langham directly.  **See FED.R.CIV.P.** 17(b).[3]

Nor has Wardell shown, as further required by Rule 17(b), that Mr. Langham's testimony is necessary for an adequate defense.  **Id**.; **see also  United States v. Hernandez-Urista**, 9 F.3d 82, 84 (10th Cir. 1993).  The subpoena does not even hint at the testimony Mr. Langham is being asked to provide, much less purport to establish necessity.[4]  Indeed, the purported issuance of this subpoena blatantly disregards the previous unequivocal order of this court that Wardell was not entitled to subpoenas *duces tecum* to gather more evidence in support of a reply brief.  (**See Order Directing Unsealing of Defendant's *Ex Parte* Motion for Issuance of Subpoenas *Duces Tecum In Forma Pauperis* and *Ex Parte* Motion for Interlineation of Subpoenas, Denying Motion for Issuance of Subpoenas, and Denying as Moot Motion for Interlineation of Subpoeans and Motion for Extension of Time To File Reply Brief** [#920], entered March 5, 2010.)[5]  Moreover, at this juncture, Wardell's deadline for filing a reply brief has lapsed.  (**See Minute Order** [#927], filed May 6, 2010 (granting Wardell's **Motion For Leave To File Request For Extension of Time, and Request For Extension of Time** [#923] filed May 3, 2010, and allowing the reply to be filed no later than Thursday, May 13, 2010, but

---

[3]  Moreover, as Mr. Langham notes, the subpoena does not comply with the subpoena regulations adopted by the Judicial Conference for obtaining documents or testimony from offices of the judicial branch.  (**Motion** App., Exh. A-2 § 5(a) [#932], filed July 30, 2010 ("Federal judicial personnel may not provide testimony or produce records in legal proceedings except as authorized in accordance with these regulations.").)  These regulations require that any request for testimony or documents must include an affidavit or written statement detailing the nature and relevance of the information sought and explaining why the information is not readily available by other means.  (**Id.**, Exh. A-2 § 6(a).)

[4]  Although the subpoena purports to permit Mr. Langham alternatively to provide documents in lieu of personal appearance, the subpoena itself does not describe the documents requested nor does it include, despite reference to same, any attachment setting forth the documents sought. (**See Motion** App., Exh. A-1 [#932], filed July 30, 2010.)

[5]  Although Wardell filed a notice of appeal of that decision ([#924], filed May 3, 2010), he failed to pay the filing fee or submit a motion to proceed *in forma pauperis* (*see* [#929], filed May 7, 2010, & [#931], filed June 21, 2010), and briefing on the merits of the appeal has been tolled ([#930], filed May 10, 2010).

providing that **"[n]o further extension of time will be granted"**) (emphasis in original).) Therefore, it is impossible for him to establish necessity, were he even to have made the attempt to do so.[6]

For these reasons, I find that compliance with the subpoena would be unreasonable and oppressive and that it, therefore, should be quashed.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant's** (sic) **Motion To Quash Subpoena to the Clerk of the United States District Court** [#932], filed July 30, 2010, is **GRANTED**; and

2. That the subpoena served on Clerk of the Court for the United States District Court for the District of Colorado, Gregory C. Langham, is **QUASHED**.

Dated August 2, 2010, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge

---

[6] For the same reason, Wardell cannot establish good cause for conducting discovery under Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts.